# EXHIBIT A

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: William Highberger

Electronically FILED by Superior Court of California, County of Los Angeles on 01/12/2023 12:20 PM David W. Slayton, Executive Officer/Clerk of Court, by G. Carini,Deputy Clerk

Alan Harris (SBN 146079)
Priya Mohan (SBN 228984)
HARRIS & RUBLE
655 North Central Avenue 17th Floor
Glendale California 91203
Tel: 323.962.3777
Fax: 323.962.3004
harrisa@harrisandruble.com
dgarrett@harrisandruble.com

*Attorneys for Plaintiff M. C. Johnson*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| M. C. JOHNSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PRESENTS TEMP SERVICES, LLC, an unknown business entity; GOLDENVOICE, LLC, a California Limited Liability Company and DOE 1 through and including DOE 10,<br><br>Defendants. | Case No: 23STCV00729<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>1.  Cal. Lab. Code (the "Code") § 201.3, 203, Continuing Wages<br><br>2.  Code §226(a), Wage Statements<br><br>3.  Code §§ 1194 and 1198 Failure to Provide Pay Proper Minimum Wages<br><br>4.  Cal. Bus & Prof. Code §§ 17200 *et seq.* – Restitution<br><br>5.  Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Mark C. Johnson ("Johnson" or "Plaintiff"), by and through his undersigned attorneys, alleges a motion picture industry representative, class and collective action seeking unpaid wages, damages, statutory penalties, attorneys' fees, costs and such other relief as may be appropriate in the circumstances, as follows:

## JURISDICTION AND VENUE

1.    The central issues over which this Court has federal question and supplemental or ancillary jurisdiction are Plaintiff's allegations regarding the tardy payment of earned wages, in violation of the FLSA (Biggs v. Wilson, 1 F.3d 1537, 1541 (9th Cir. 1993) and the California Labor Code (the "Code") requirements for payment of both "continuing wages" and liquidated damages under the minimum wage law; the defense paying wages with defective wage statements; and, potentially, the defense responsibility to pay PAGA civil penalties to the Labor and Workforce Development Agency ("LWDA") of the State of California, with Johnson and other Aggrieved Employees (Aggrieved Employees being those who suffered from one or more of the alleged PAGA violations within the period commencing one year prior to the filing of the Johnson PAGA Notice to date) to potentially receive a portion of the PAGA recovery.

2.    This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(b). Defendant constitutes an "enterprise" within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203. See 29 U.S.C. § 203(r) (defining "enterprise"). Defendant is engaged in interstate commerce, with annual sales in excess of $1,000,000 and with more than 1000 employees. This Court has federal-question jurisdiction under 28 U.S.C. § 1331. Furthermore, under 28 U.S.C. § 1367, this Court may exercise supplemental jurisdiction over Plaintiff's state-law claims. This Court should exercise its jurisdiction pursuant to 28 U.S.C. § 1367. See 28 U.S.C. § 1367(c) (explaining grounds on which courts may decline to exercise supplemental jurisdiction). Venue as to Defendants is proper in this judicial district. Defendants maintain an office, transact business, have an agent, or are found in the County of Los Angeles and are within the jurisdiction of this Court for purposes of service of process. The violations of the FLSA alleged herein had a direct effect on and were committed within the State of California, impacting Plaintiff and other similarly situated employees.

3.    Emergency Rule 9 as promulgated by the Judicial Council of California provides:

"Notwithstanding any other law, the statutes of limitations and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020, until October 1, 2020." The Advisory Committee Comment notes that: "Emergency rule 9 is intended to apply broadly to toll any statute of limitations on the filing of a pleading in court asserting a civil cause of action. The term "civil causes of action" includes special proceedings. (See Code Civ. Proc., §§ 312, 363 ["action," as used in title 2 of the code (Of the Time of Commencing Civil Actions), is construed "as including a special proceeding of a civil nature"). . . . The rule also applies to statutes of limitations on filing of causes of action in court found in codes other than the Code of Civil Procedure."

## THE PARTIES

4.     Plaintiff Johnson is an individual, who, during the time periods relevant to this Complaint, was an employee of Defendant in the County of Los Angeles, State of California. He has been a resident of this judicial district during the relevant period.

5.     Presents Temp Services, LLC ("PTL") is an unknown business entity which at all times relevant herein conducted business within the County of Los Angeles, State of California.

6.     Goldenvoice, LLC (GL) is a California limited liability company.

7.     Defendants Doe One through and including Doe Ten are sued herein under the provisions of section 474 of the California Code of Civil Procedure. Plaintiff is unaware of the true names, identities or capacities, whether corporate, individual or otherwise, of said fictitiously named defendants, but leave of Court will be prayed to amend this pleading to insert the same herein when finally ascertained. Plaintiff is informed, believes and thereupon alleges that each of the fictitiously named Defendants is an entity, which during the relevant time period maintained a place of business in the County of Los Angeles of the State of California.

8.     PTL, GL and Does One through and including Doe Ten are collectively referred to as the "Defendant" or "Defendants".

9.     Plaintiff is informed and believes and thereon allege that all Defendants, including the fictitious Doe defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, alter egos, partners and/or joint venturers and/or employees of all other defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and

1    joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge,

2    consent authorization and ratification of their co-defendants; however, each of these allegations are

3    deemed "alternative" theories whenever not doing so would result in a contradiction with other

4    allegations.

5    **GENERAL ALLEGATIONS**

6    10.    Code §226(a)(6) requires the employer to provide a wage statement which shows "the

7    inclusive dates of the period for which the employee is paid." Here, the defense at times, for some

8    employees, only provided the day on which work was undertaken, making it impossible for the

9    employee to determine whether they were paid timely or for all accrued overtime during the week at

10   issue.

11   11.    PTL wage statements advise them that their "Pay Frequency" is "W[eekly]."

12   12.    Section 226(a)(6) violations result in the employees being "deemed to suffer injury"

13   under Code §226(e)(2)(B)(i).

14   13.    Code §226(a)(8) requires the employer to provide a wage statement which shows "the

15   name and address of the legal entity that is the employer." Here, the defense improperly listed "Presents

16   Temp Services, LLC" as the legal name of the employer when, in fact, that is not the proper legal name

17   of the employer or any person, at all.

18   14.    On October 4, 2021, Johnson was employed by Defendants to provide it with services in

19   Los Angeles County. Johnson received a wage statement and paycheck for his services, but it was not

20   mailed to him until on or after February 14, 2022, failing the timeliness requirements of Code sections

21   201.3, 203 and/or 204, resulting in FLSA liability for payment of liquidated damages under <u>Biggs v.</u>

22   <u>Wilson</u>, 1 F.3d 1537 (1993) as well as liability under section 203 of the Code.

23   15.    When Plaintiff ceased working for Defendants, he was not timely paid all wages accrued,

24   including minimum wages or overtime, a violation of the FLSA giving rise to a right for liquidated

25   damages. <u>Brooklyn Savings Bank v. O'Neil</u>, 324 U.S. 697, 707 (1945)("failure to pay the statutory

26   minimum on time may be . . . detrimental to maintenance of the minimum standard of living 'necessary

27   for health, efficiency, and general well-being of workers' and to the free flow of commerce. . . ."); <u>Biggs</u>

28   <u>v. Wilson</u>;  1998 DOLWH LEXIS 70, *2 (Dep't of Labor Wage & Hour Div. July 20, 1998)("It has been

our longstanding position that an employer is required to pay employees the full minimum wages and overtime due on the regular payday for the workweek in question. See, for example, Opinion Letter 63 (Nov. 30, 1961), and the Department's interpretative regulations at 29 CFR 778.106 and 790.21(b).")

16.     Here, the Defendants permitted Plaintiff and others to perform functions that are normally part of the entertainment industry.  The Defendants had a duty to ensure that Plaintiff and other crew were properly paid the wages that they had been promised, but Defendants failed to do so in timely fashion.

17.     As is routine in the entertainment industry (which includes the production of feature films and television programs, as well as commercials and music videos), after a short stint of work (even just a single day), Plaintiff and many others were discharged under Code sections 201.3, when their employment ceased.  Smith v. Superior Court, 39 Cal. 4th 77, 80 (2006) (holding that hair model who worked for one day at a show was discharged at the end of the workday and entitled to penalties under section 203 when she was paid two months later).

18.     It is "an employer's duty under the FLSA to maintain accurate records of its employees' hours" and that duty "is non-delegable." Kuebel v.  Black & Decker Inc., 643 F.3d 352, 363 (2d Cir. 2011).  Although Kuebel establishes that it is solely the employer's duty to keep track of hours worked under the federal FLSA, and although many of Plaintiff's wage-and-hour claims are brought under the Code, the fact remains that Defendant, at all times, was subject to the FLSA and therefore was itself required to keep track of Plaintiff's hours worked.  See Troester v. Starbucks Corp., 5 Cal. 5th 829, 839 (2018) (explaining that, although California's wage-and-hour laws are "more protective than federal law" and that "California is free to offer [employees] greater protection," the FLSA "provide[s] a level of employee protection that a state may not derogate"). Troester, 5 Cal. 5th at 846 ("Nor is it clear why, when it is difficult to keep track of time worked, the employee alone should bear the burden of that difficulty"), 848 ("An employer may be able to customize and adapt available time tracking tools or develop new ones when no off-the-shelf product meets its needs.  And even when neither a restructuring of work nor a technological fix is practical, it may be possible to reasonably estimate work time . . . and to compensate employees for that time."). Marlo v. United Parcel Serv., Inc., No. CV 03-04336 DDP (RZx), 2009 WL 1258491, at *3 (C.D. Cal. May 5, 2009) explains that, under California law,

1   "employers must keep track of the hours . . . employees work."

2       19.    Before an employee starts to work for an employer, the employer is required to have the

3   employee fill out the requisite new-hire paperwork, including the W-4 and I-9, tasks which were here

4   completed. (GE 1-2)  See, e.g., Ketchikan Drywall Servs., Inc. v. Immigration & Customs Enforcement,

5   725 F.3d 1103, 1113 (9th Cir. 2013) (stating that 8 U.S.C. § 1324a "clearly makes employers

6   responsible for documenting employee work authorization" and that, "[w]here [a defendant] cho[oses]

7   to hire employees who ha[ve] failed to fill out [s]ection 1 [of I-9 Forms] completely, it d[oes] so at its

8   own peril"); 26 C.F.R. § 31-3402(f)(2)-1 subsec. (a) (stating that a withholding-exemption certificate

9   must be completed "[o]n or before the date on which an individual commences employment"); 22 Cal.

10  Code Regs. § 4340-1(a) stating that a withholding-exemption certificate must be completed "[o]n or

11  before the date on which an individual commences employment").  If, for example, the employee fails to

12  complete the necessary tax documents—the employer must follow the guidance from the Internal

13  Revenue Service and the California Employment Development Department by withholding taxes as if

14  the employee is single with no withholding allowances.  *See* Internal Revenue Serv., *Topic Number 753*

15  *– Form W-4 – Employee's Withholding Allowance Certificate* (last updated Mar. 1, 2018),

16  https://www.irs.gov/taxtopics/tc753.  There is an analogous cite from the California EDD (re defaulting

17  to the single-no-allowances rule):  Cal. Emp't Dev. Dep't, *Employer's Obligations for Form W-4 or DE*

18  *4* (2016), https://www.edd.ca.gov/ pdf_pub_ ctr/ de71.pdf).

19      20.    Defendants did not compensate Plaintiff, Aggrieved Employees or Code Class Members

20  on its many entertainment industry productions as required by the Fair Labor Standards Act or section

21  201.3 of the Code.

22      21.    Defendants failed to properly compensate Plaintiff and other nonexempt workers who

23  performed services for it.  Plaintiff and the Class Members worked either on the Productions specifically

24  referenced herein, and/or other California projects, yet not being paid timely, with appropriate wage

25  statements, all due to Defendant's insufficient funding of the payroll accounting function and desire to

26  make such payments from funds received for each project, all pursuant to a separate budget, rather than

27  from working capital.

28      22.    At all times relevant herein, Plaintiff was a "temporary services employee" under section

1  201.3 of the Code, and the Code provided that employees of temporary services employers be paid "no
2  less frequently than weekly."

3      23.    Defendants employed individuals such as Plaintiff and similarly situated Code Class and
4  Collective Action Members to work on the production on motion pictures, yet Defendants failed to
5  timely or fully pay them, all in violation, inter alia, of Code sections 201.3.

6      24.    At all relevant times mentioned herein, section 203 of the Code provided:

7      If an employer willfully fails to pay, without abatement or reduction, in accordance with

8      Sections 201, 201.3, 201.5, 201.6, 201.8, 201.9, 202 and 202.5, any wages of an

9      employee who is discharged or who quits, the wages of the employee shall continue as a

10     penalty from the due date thereof at the same rate until paid or until action therefore is

11     commenced; but the wages shall not continue for more than 30 days.

12 Code § 203. By failing to pay Plaintiff and similarly situated Class and Collective Action Members all
13 wages when due at termination, Plaintiff, Class and Collective Action Members are entitled to
14 continuing wages pursuant to section 203 of the Code.

15     25.    At all times relevant herein, section 204 of the Code provided in part:

16     All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned

17     by any person in any employment are due and payable twice during each calendar month,

18     on days designated in advance by the employer as the regular paydays. Labor performed

19     between the 1st and 15th days, inclusive, of any calendar month shall be paid for between

20     the 16th and the 26th day of the month during which the labor was performed, and labor

21     performed between the 16th and the last day, inclusive, of any calendar month, shall be

22     paid for between the 1st and 10th day of the following month.

23 Code § 204.

24     26.    In no event should Plaintiff, Class or Collective Action Members have been paid later
25 than the time periods established by sections 201.3 or 204 of the Code, but certain payments were not
26 made in a timely fashion, all leading to penalties under sections 203 and 204 of the Code.

27     27.    At all times relevant herein, section 210 of the Code provided:

28     In addition to, and entirely independent and apart from, any other penalty provided in this

article, every person who fails to pay the wages of each employee as provided in Sections 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (a) For any initial violation, one hundred dollars ($100) for each failure to pay each employee; (b) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

Code § 210. Further, the Defendants' policy has been to devote insufficient resources to the payroll accounting function, with the inevitable result that employees are routinely paid in tardy fashion, in violation of sections 203 and 204 of the Code, and otherwise in violation of the Code.

28.    Here, Defendants failed to apprise Plaintiff and all 17200 Class Members of their rights associated with the Code.  Plaintiff and all 17200 Class Members are entitled to restitution of the sums owing to them on account of tardy payment of wages, including disgorgment of profits earned by the defense on account of its insufficient accounting procatices.

29.    At all relevant times mentioned herein, section 510(a) of the Code provided: Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of at least one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

Code § 510.

30.    Plaintiff and certain Class and Collective Action Members were not timely paid proper overtime wages to which they were entitled in violation of the FLSA and Code §§ 510, 515 and 1194. Both late payment and nonpayment of overtime wages for all hours worked violates the overtime wage

statute. Defendants are also subject to the civil penalties for which provision is made in Code § 558 by failing to pay Class and Collective Action Members their overtime wages.

31. At all relevant times mentioned herein, section 1194 of the Code provided: Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

Code § 1194.

32. At all relevant times mentioned herein, section 558 of the Code provided: Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee.

Code § 558. Defendants are the employers or other persons acting on behalf of an employer who violated, or caused to be violated the relevant sections of the Code referenced herein.

33. At all relevant times mentioned herein, section 558.1 of the Code provided: (a) Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation.

1    (b) For purposes of this section, the term "other person acting on behalf of an employer"

2    is limited to a natural person who is an owner, director, officer, or managing agent of the

3    employer, and the term "managing agent" has the same meaning as in subdivision (b) of

4    Section 3294 of the Civil Code.

5    (c) Nothing in this section shall be construed to limit the definition of employer under

6    existing law.

7    Code § 558.1.  Defendants' personnel were on the set of the Acura Production and actively participated

8    in the Production.

9    ## COLLECTIVE-ACTION ALLEGATIONS

10    34.    Plaintiff seeks to represent all nonexempt employees who worked for Defendants during

11    the period beginning no earlier than three years prior to the filing hereof to the mailing of the FLSA Opt-

12    In Notice (such persons are referred to hereafter as "Collective Action Members.").

13    35.    Plaintiff is similarly situated to the Collective Action Members in that Plaintiff and the

14    Collective Action Members were employed by Defendants and in that Defendants did not pay Plaintiff

15    and the Collective Action Members their overtime and/or minimum wages when due. Plaintiff's consent

16    to an FLSA collective action is attached hereto as **Exhibit 1.**

17    36.    This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C.

18    § 216(b).

19    37.    All Collective Action Members should be given notice and be allowed to give their

20    consent in writing to participate in—in other words, to opt into—the collective action pursuant to 29

21    U.S.C. § 216(b).

22    38.    This action has been brought and may be properly maintained as a Collective Action

23    under the provisions of the FLSA because there is a well-defined community of interest in the litigation

24    and the identity of the members of the proposed Collective Action group is easily ascertainable.

25    39.    Defendants, as to Plaintiff and Collective Action Members, failed to comply with the

26    FLSA and, accordingly, Defendants' failure to make timely payment entitles Plaintiff and each

27    Collective Action Member to statutory damages and/or liquidated damages.

28    ///

1

## **CLASS-ACTION ALLEGATIONS**

2        40.    With respect to persons employed in the State of California, Plaintiff brings this action on

3    behalf of himself and all others similarly situated as a class action pursuant to Rule 23 of the Federal

4    Rules of Civil Procedure.  Plaintiff seeks to represent a "17200 Class" composed of and defined as

5    follows:

6            For the period four years and 180 days prior to the filling of this Complaint to date, all persons

7            who were On-Set Communicators (such persons are referred to hereafter as 17200 Class

8            Members, and such period is referred to hereafter as the 17200 Class Period).

9    Plaintiff seeks to represent a "226 Class" composed of and defined as follows:

10            For the period one year prior to the filling of this Complaint to date, all persons paid wages on

11            account of services provided for Defendants in the production of Motion Pictures (such persons

12            are referred to hereafter as 226 Class Members, and such period is referred to hereafter as the

13            226 Class Period).

14    Plaintiff seeks to represent a "Code Class" composed of and defined as follows:

15            For the period three years and 180 days prior to the filling of this Complaint to date, all persons

16            who were not provided with wages within seven days after completion of their last workweek for

17            PTL (such persons are referred to hereafter as Code Class Members, and such period is referred

18            to hereafter as the Code Class Period).

19    **A. Numerosity**

20        41.    The potential members of each Class as defined are so numerous that joinder of all the

21    members of any Class is impracticable. The number of Class Members is great, but not so great as to

22    make the class unmanageable.  It, therefore, is impractical to join each Class Member as a named

23    plaintiff.  Accordingly, utilization of a class action is the most economically feasible means of

24    determining the merits of this litigation.

25        42.    Despite the size of the proposed Classes, the Class Members are readily ascertainable

26    through an examination of the records that Defendants are required by law to keep.  Likewise, the dollar

27    amount owed to each Class Member is readily ascertainable by an examination of those same records.

28    For example, with respect to Defendant's violations of section 226(a)(6) and (8) of the Code, the

damages owing to each Class Member equals the sum of $50 (for the initial wage statement issued to the employee during the period commencing one year prior to the filing of the Complaint) and the product of the number of further wage statements issued to the employee and $100, with a per employee cap of $4,000.

**Commonality**

43.     There are questions of law and fact common to each Class that predominate over any questions affecting only individual Class Members.

44.     These common questions of law and fact include, without limitation:

a.   Whether Defendants failed to pay all wages in a timely fashion in violation of sections 201.3, 203 and/or 204 of the Code.

b.   Whether Defendants' failure to provide accurate itemized wage statements to each and every employee violates Code section 226(a).

c.   Whether Defendants untimely and/or nonpayment of wages give rise to liquidated damages for failure to pay minimum wages under Code section 1194.2.

d.   Whether the crew are temporary service employees as referenced in Code section 201.3.

**Typicality**

45.     There is a well-defined community of interest in the questions of law and fact common to the Class Members.

46.     The claims of the named Plaintiff are typical of the claims of each Class, which claims all arise from the same general operative facts, namely, Defendants did not compensate its employees as required by the Code and applicable Wage Order.  Plaintiff and all members of the Classes sustained injuries and damages arising out of and caused by Defendants in violation of laws, regulations that have the force and effect of law, and statutes as alleged herein.  Plaintiff has no conflict of interest with the other Class Members and is able to represent the Class Members' interests fairly and adequately.

**Adequacy of Representation**

47.     Plaintiff will fairly and adequately represent and protect the interests of the members of each Class. Counsel who represents Plaintiff is sufficiently competent and experienced in decades of litigation of large employment and other class actions, both in state and federal courts.  Neither Plaintiff

1    nor his counsel have any conflict with the members of the Classes.

2        48.    Plaintiff is an adequate class representative and has no known conflicts with any

3    members of the Classes.  He seeks certification of three classes.

4        49.    With respect to shortcomings alleged with respect to wage statements, Plaintiff seeks to

5    represent a "226 Class" as the wage statements do not provide the data as required by Code §226 (a)(6)

6    or (8).

7        50.    With respect to the alleged tardy payment of final wages, Plaintiff seeks to represent a

8    "Code Class."

9        **Superiority of Class Action**

10       51.    A class action is superior to other available means for the fair and efficient adjudication

11   of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and

12   fact common to the Class predominate over any questions affecting only individual members of the

13   Class.  Each member of the Class has been damaged and is entitled to recovery by reason of Defendants'

14   illegal policy and/or practice of failing to pay timely wages.  Class and collective action treatment will

15   allow those similarly situated persons to litigate their claims in the manner that is most efficient and

16   economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely

17   to be construed in the management of this action that would preclude its maintenance as a class action.

18   The disposition of all claims of the members of the Class in a class action, rather than in individual

19   actions, benefits the parties and the Court.  The interest of the Class Members in controlling the

20   prosecution of separate claims against Defendants is small when compared with the efficiency of a class

21   action

22                           **FIRST CAUSE OF ACTION**
                           (Continuing Wages, Code §§201.3, 203 and/or 204
23                   On Behalf of Plaintiff and Code Class Against All Defendants)

24       52.    Plaintiff realleges and incorporates herein by reference the allegations contained in this

25   Complaint as though fully set forth herein.

26       53.    Defendants employed Plaintiff and Code Class Action Members. Plaintiff and Code Class

27   Members were not timely paid all wages accrued upon separation from employment.

28

54.     For example, with respect to services provided on November 4, 2021, Defendants issued a wage statement to Plaintiff Johnson, but not until on or after February 14, 2022, tardy by many weeks. Plaintiff and other similarly situated Class Members, paid later than the Friday after the prior Sunday to Saturday workweek during which they completed their last day of work for Defendants, are all entitled to the penalties for which provision is made by Code section 203.

55.     Defendants' failure to compensate Plaintiff and Code Class Members within the time for which provision is made by sections 201.3 of the Code, despite their knowledge of their obligation to do so, was and is "willful" as the word is used in section 203.

56.     Pursuant to section 203 of the Code, Plaintiff and Code Class Members are entitled to continuing wages from Defendants in an amount according to proof.  Plaintiff and Code Class Members are also entitled to recover costs and reasonable attorneys' fees under section 218.5 of the Code.

## SECOND CAUSE OF ACTION
(Failure to Provide Compliant Wage Statements or Pay Stubs, Code § 226(a)
On Behalf of Plaintiff and 226 Class Members Against Defendants)

57.     Plaintiff incorporates by reference each and every allegation set forth in this Complaint as though fully set forth herein.

58.     Defendants failed to provide Plaintiff and 226 Class Members with wage statements conforming to the requirements of section 226(a) (6) or (8) of the Code.

59.     The foregoing was intentional misconduct of Defendants that injured Plaintiff and 226 Class Members insofar as they were deprived of information to which they were legally entitled.

60.     The failure of Defendants to provide compliant wage statements violates section 226(a) of the Code.  Accordingly, Plaintiff and 226 Class Members are entitled to damages in an amount according to proof and costs and reasonable attorney's fees in accordance with the provisions of Code section 226(e), all in a sum according to proof.  Plaintiff is entitled to an amount according to proof of at least $50, not including  interest thereon, reasonable attorneys' fees and cost of suit.

///

///

///

**THIRD CAUSE OF ACTION**
(Damages for Unpaid Minimum Wages, Code §§ 1194, 1194.2 and 1198
On Behalf of Plaintiff and Code Class Members Against All Defendants)

61.     Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

62.     Plaintiff and the 17200 Class Members worked many hours for Defendants, without compensation for work performed, as required by law. Both late payment and non-payment of minimum wages violate the state statute requiring the payment of a minimum hourly wage, the former giving rise as here to a claim for liquidated damages.

63.     Plaintiff and 17200 Class Members are entitled to recover liquidated damages under section 1194.2 of the Code in an amount according to proof.  Plaintiff and 17200 Class Members are also entitled to recover costs and reasonable attorneys' fees under section 1194 of the Code.

**FOURTH CAUSE OF ACTION**
(Unfair Business Practices Business and Professions Code section 17200 *et seq.*
On Behalf of Plaintiff and 17200 Class Against Defendants)

64.     Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

65.     Business and Professions Code section 17200 *et seq.* prohibits acts of unfair competition, including any "unlawful, unfair, or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200 *et seq.*  Under this Cause of Action Plaintiff seeks restitution of interest and defense profits, for his account and for the 17200 Class.

66.     Defendants' violation of California wage and hour laws as herein articulated constitutes a business practice for the reasons set forth above and because Defendants' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of Plaintiff, 17200 Class Members, their families and the general public.

67.     As a result of Defendants' unfair and unlawful business practices, Defendants have reaped unfair and illegal profits during the relevant time period herein at the expense of Plaintiff and the Collective Action Members and members of the public.  Defendants should be made to disgorge its ill-gotten gains and to restore them to Plaintiff and 17200 Class Members**.**

68.     The actions of Defendants entitle Plaintiff to seek the remedies available under section 17200 *et seq.*  Plaintiff seeks full restitution of said amounts from Defendants, as necessary and according to proof, to restore any and all amounts—including interest—withheld, acquired, or converted by Defendants by means of the unfair practices complained of herein.  Plaintiff, on behalf of himself, as well as on behalf of the general public, further seeks attorney's fees and costs pursuant to sections 218.5 of the Code and 1021.5 of the Code of Civil Procedure.

**FIFTH CAUSE OF ACTION**
(Fair Labor Standards Act On Behalf of Plaintiff and Collective
Action Members Against All Defendants)

69.     Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

70.     Plaintiff is informed and believes, and on that basis alleges, that Defendants are employers engaged in an enterprise in interstate commerce pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

71.     Plaintiff was not timely paid his wages. Plaintiff and Collective Action Members worked many hours each day during their employment as herein alleged.

72.     Under the FLSA, Plaintiff and Collective Action Members are entitled to recover from Defendants their liquidated damages for hours worked, as well as costs and attorney's fees.

73.     Defendants failed to compensate Plaintiff and Collective Action Members  as required by the FLSA.

74.     Defendants' violations were willful and intentional.

75.     Plaintiff and Collective Action Members are entitled to damages for unpaid wages and/or the associated liquidated damages in an amount to be proven at trial.

76.     Plaintiff  brings this claim on a collective-action basis pursuant to the FLSA. The FLSA permits an employee to bring an action for unpaid wages on "behalf of himself . . . and other employees similarly situated," so long as all similarly situated employees "give[] [their] consent in writing to become . . . a party."  29 U.S.C. § 216(b). On information and belief, none were timely paid all wages as required by sections 201, 202, 203 or 204 of the Code.

**WHEREFORE**, Plaintiff prays judgment as follows:

1.      That the Court certify a Class and Collective Action.

2.      That, under the First Cause of Action, it be adjudged that the failure of Defendants to make payment of Plaintiff's and Code Class Members' wages was in violation of sections 201.3, 203 and/or 204 of the Code, and was "willful" as that word is used in section 203 of the Code, and that the Court enter judgment against Defendants in favor of Plaintiff and Code Class Members. That judgment be entered in favor of Plaintiff and Code Class Members in an amount prescribed by section 203 of the Code, and costs and reasonable attorneys' fees in accordance with the provisions of Code section 218.5, all in a sum of at least $327,000.

3.      That, under the Second Cause of Action, this Court enter judgment in favor of Plaintiff and 226 Class Members and award them their damages, penalties, and costs of suit, all according to proof pursuant to section 218.5 and other relevant sections of the Code, in an amount of at least $1,000.

4.      That, under the Third Cause of Action, this Court enter judgment in favor of Plaintiff and 17200 Class Members and award them their damages, penalties, and costs of suit, all according to proof, pursuant to sections 1194.2, 218.5 and other relevant sections of the Code, all in an amount of at least $10,000.

5.      That, under the Fourth Cause of Action, this Court enter judgment in favor of Plaintiff and 17200 Class Members and award them their damages, penalties, and costs of suit, all according to proof, pursuant to section 218.5 and other relevant sections of the Code, all in an amount of at least $10,000.

6.      That, under the Fifth Sixth Cause of Action, this Court enter judgment in favor of Plaintiff and Collective Action Members against all Defendants in an amount according to proof, interest thereon, costs and reasonable attorney's fees in accordance with the Fair Labor Standards Act.

7.      For such further relief as the Court may order, attorney's fees, costs, and interest pursuant to Code sections 218.5 and 218.6, and Code of Civil Procedure section 1021.5, in an amount according to proof.

///

///

DATED: January 12, 2023

HARRIS & RUBLE

*Alan Harris*

Alan Harris
*Attorney for Plaintiff*

18
COMPLAINT

1

**INDEX OF EXHIBITS**

2

3
**Exhibit 1** – Plaintiff Johnson's FLSA Opt-In

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit 1

# FLSA CONSENT FORM

Pursuant to the provisions of 29 U.S.C. § 216(b), the Fair Labor Standards Act, I hereby consent to be a party plaintiff to this action.

4/13/2022
_____
Date

Mark c Johnson
_____
Print Name

_____
Signature

11