Electronically FILED by Superior Court of California, County of Los Angeles on 02/16/2023 01:44 PM David W. Slayton, Executive Officer/Clerk of Court, by L. Smith,Deputy Clerk

HOGAN LOVELLS US LLP
Tao Y. Leung (Bar No. 254265)
Michelle Roberts Gonzales (SBN 292075)
Ashley L. King (SBN 322894)
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601
tao.leung@hoganlovells.com
michelle.roberts@hoganlovells.com
ashley.king@hoganlovells.com

*Attorneys for Defendants*
Presents Temp Services, LLC and
Goldenvoice, LLC

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

M.C. JOHNSON, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

PRESENTS TEMP SERVICES, LLC, a California Limited Liability Company; GOLDENVOICE, LLC, a California Limited Liability Company, and DOE 1 through and including DOE 10,

Defendants.

Case No. 23STCV00729

**DEFENDANT PRESENTS TEMP SERVICES, LLC'S ANSWER**

Defendant Presents Temp Services, LLC ("Defendant"), answering for itself and no other, generally denies each and every allegation and characterization in the Class and Collective Action Complaint ("Complaint") filed by Plaintiff M.C. Johnson, on behalf of himself and others similarly situated ("Plaintiff").

**AFFIRMATIVE DEFENSES**

Defendant separately states and pleads each of the following separate and affirmative defenses, without assuming the burden of proof where such burden is otherwise on Plaintiff under applicable law. As Defendant presently has insufficient knowledge or information in which to form a belief as to whether it has additional, as yet unstated, affirmative defenses, Defendant reserves the right to assert any additional defenses should discovery reveal that such defenses are appropriate.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

1. Plaintiff's Complaint, and each and every cause of action asserted in the Complaint, fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

2. Plaintiff's Complaint is barred, in whole or in part, by the applicable statute of limitations, including but not limited to to Cal. Labor Code §§ 201.3, 203, 226(a), 338(a), 1194, 1198, Cal. Bus. & Prof. Code §§ 17200, 17208, Title 29 of the United States Code §§ 201, 255, and any other applicable statutes of limitation.

**THIRD AFFIRMATIVE DEFENSE**

**(Mitigation/Offset)**

3. Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to mitigate his damages and other alleged losses as required by law. Moreover, any such damages must be offset by the amount of any benefits Plaintiff has already received as provided by law.

**FOURTH AFFIRMATIVE DEFENSE**

**(Third Party Conduct as Superseding Cause)**

4. Plaintiff's injuries and damages, if any, were directly and proximately caused by the acts, omissions and/or negligence of Plaintiff and/or other persons and/or entities other than Defendant. Defendant has no knowledge of and/or control over Plaintiff and/or those other persons and/or entities, and the conduct of such persons and/or entities constitutes an intervening and superseding cause of the alleged injuries and damages set forth in Plaintiff's Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

5. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

**(Frivolous Action)**

6. Plaintiff's claims are frivolous and without foundation in fact. Furthermore, this lawsuit is being pursued by Plaintiff in bad faith and for vexatious reasons and for the purpose of harassing Defendant. Accordingly, Defendant is entitled to recover its attorneys' fees and the appropriate costs and expenses in defending this action.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Good Faith Belief)**

7. Defendant acted in good faith and with reasonable belief and did not in any manner, directly or indirectly, perform any act, or fail to perform any act, which would violate any Plaintiff's alleged rights.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Laches)**

8. Plaintiff's Complaint is barred, in whole or in part, by the doctrine of laches.

**NINTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

9. PlaintiffS Complaint is barred, in whole or in part, by the doctrine of unclean hands.

**TENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

10. Plaintiff's Complaint is barred, in whole or in part, by the doctrine of waiver.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(After-Acquired Evidence)**

11. Any recovery on Plaintiff's Complaint is barred, in whole or in part, due to the discovery of after-acquired evidence.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Failure to Utilize Internal Grievance Procedures)**

12. Plaintiff's Complaint is barred, in whole or in part, by Plaintiff's failure to avail himself of the grievance processes in the applicable collective bargaining agreements and other internal complaint procedures.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Judicial Estoppel)**

13. Plaintiff's Complaint is barred, in whole or in part, to the extent that Plaintiff's claims are precluded by Plaintiff's prior inconsistent positions.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Consent)**

14. Plaintiff's Complaint is barred, in whole or in part, by the defense of consent.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Follow Policies and Procedures)**

15. Plaintiff's Complaint is barred, in whole or in part, because Plaintiff failed to abide by and follow Defendant's policies and procedures.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(No Employment Relationship)**

16. Plaintiff's Complaint is barred, in whole or in part, because they were not employed by Defendant.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Accord and Satisfaction, Payment, Release and/or Discharge)**

17. Plaintiff's claims are barred, in whole or in part, by the doctrines of accord and satisfaction, payment, release, and/or discharge.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Collective Bargaining Agreements)**

18. Plaintiff's Complaint is barred, in whole or in part, by the terms of the applicable collective bargaining agreements.

**NINTEENTH AFFIRMATIVE DEFENSE**

**(Class Action Inappropriate)**

19. Plaintiff's claims, in whole or in part, cannot and should not be maintained on a collective action, class-action or representative action because: those claims, and each of them, fail to meet the necessary requirements for collective and class certification, including, class ascertainability, typicality, commonality, numerosity, manageability, superiority, and adequacy of the class representative; lack of a community of interest among the putative class; and because collective and class certification is inappropriate due to Defendant's lawful policies.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Compliance with Law)**

20. Plaintiff's Complaint is barred, in whole or in part, because Defendant has complied with applicable law.

**TWENTY FIRST AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

21. Plaintiff's Complaint is barred, in whole or in part, because Plaintiff could have avoided some or all of the harm he alleges with reasonable effort.

**TWENTY SECOND AFFIRMATIVE DEFENSE**

**(Business Necessity)**

22. Plaintiff's Complaint is barred, in whole or in part, because the conduct about which Plaintiff complains and which is attributed to Defendant was privileged and justified as a matter of business necessity.

**TWENTY THIRD AFFIRMATIVE DEFENSE**

**(Exemptions from Overtime or Minimum Wage)**

23. Plaintiff's Complaint is barred, in whole or in part, because Plaintiff is exempt under the Labor Code and all other applicable laws, wage orders, and regulations from any requirement that the payments he seeks are owed to him.

**TWENTY FOURTH AFFIRMATIVE DEFENSE**

**(Contractual Indemnity and Comparative Equitable Indemnity)**

24. Defendant is entitled to contractual indemnity and comparative equitable indemnity from others, including parties to this action, for the Complaint and each of its causes of action.

**TWENTY FIFTH AFFIRMATIVE DEFENSE**

**(Unauthorized Work)**

25. Plaintiff's Complaint is barred, in whole or in part, because the work allegedly performed by Plaintiff was unauthorized, and Defendant neither knew nor had reason to know that such work was being performed.

**TWENTY SIXTH AFFIRMATIVE DEFENSE**

**(Non-Compensable Time)**

26. The Complaint and each of its causes of action are barred because the activities and actions of Plaintiff is not compensable under applicable law.

**TWENTY SEVENTH AFFIRMATIVE DEFENSE**

**(Lack of Standing—Improper Party)**

27. Plaintiff's Complaint and each cause of action therein are barred on the grounds that Defendant was not Plaintiff's employer, and is not a proper party to this action. Plaintiff therefore lacks standing to bring claims against Defendant.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Good Faith Dispute)**

28. Defendant alleges, to the extent that Plaintiff was an employee of Defendant, that Plaintiff's recovery of waiting time penalties is barred because any alleged failure to pay wages was based on a good faith dispute regarding the applicable law or facts.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Substantial Compliance / Defendant's Business Practices Were Fair)**

29. Defendant alleges that any recovery on Plaintiff's Complaint, or any cause of action contained therein, may be barred by Defendant's compliance or substantial compliance with all applicable laws underlying Plaintiff's claim of unfair or unlawful business practices under Cal. Bus. & Prof. Code § 17200, et seq. Accordingly, Defendant's business practices were not unfair and/or unlawful within the meaning of Cal. Bus. & Prof. Code § 17200, *et seq*. The utility of any such practice outweighs any potential harm.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Adequate Remedy at Law)**

30. Defendant alleges that the cause of action for alleged unfair business practices under C*alifornia Business and Professions Code sections 17200 et seq.,* and the equitable remedies therein sought, are barred in light of the fact that Plaintiff has an adequate remedy at law.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(Lack of Jurisdiction)**

31. Defendant alleges that this Court lacks jurisdiction over Plaintiff's claims and Complaint.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Failure to Accurately Report Hours Worked)**

32. Defendant alleges that Plaintiff did not accurately report the hours for which he allegedly seeks unpaid wages, overtime and penalties; therefore, Plaintiff is barred from seeking to recover any such amounts from Defendant.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(Plaintiff's Claims Are Not Representative of Class)**

33. Defendant alleges that this action does not and cannot qualify for certification as a class action based upon applicable law, and the Plaintiff is not a proper or appropriate class representative because the claims of the named Plaintiff is not representative of the putative class. Also, Plaintiff lacks standing to sue on behalf of the representative class under applicable law. Therefore, this action is not properly maintained as a class action.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(Joinder is Practicable)**

34. Defendant alleges that the putative class is not so numerous that joinder of all members is impracticable; therefore, Plaintiff cannot meet the prerequisites to a class action set forth in Cal. Code of Civ. Proc. § 382.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

**(Questions of Law or Fact Are Not Common)**

35. Defendant alleges that there are not questions of law or fact common to the putative class; rather, individualized questions of law and fact predominate over any semblance of common question. In addition, the proof peculiar to Plaintiff's claims and the defenses thereto will vary widely. Therefore, Plaintiff cannot meet the prerequisites to a class action set forth in Cal. Code of Civ. Proc. § 382.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

**(Plaintiff's Claims Are Not Typical)**

36. Defendant alleges that the claims of Plaintiff and Defendant's defenses thereto are not typical of the putative class's claims or related defenses of the putative class as a whole, and

Plaintiff is not suitable class representatives. Therefore, Plaintiff cannot satisfy the prerequisites to a class action set forth in *California Code of Civil Procedure § 382.*

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Separate Actions Are Proper)**

37. Defendant alleges that this case is not properly maintained as a class action because the prosecution of separate actions by individual members of the putative class would not create a risk of inconsistent or varying adjudications or adjudications that as a practical matter would be dispositive of the interests of other members not parties to the action.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Single Forum Is Improper)**

38. Defendant alleges that this action is not properly maintained as a class action because concentrating the litigation of the Plaintiff's claims, as to which individualized facts and proof will predominate, in one particular forum is not desirable.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

**(Management of Class is Difficult)**

39. Defendant alleges that this case is not properly maintained as a class action because of the difficulties likely to be encountered in the management of a class action.

**FORTIETH AFFIRMATIVE DEFENSE**

**(Business Judgment Rule)**

40. Defendant alleges that any recovery on Plaintiff's Complaint, or any cause of action contained therein, may be barred by the Business Judgment Rule applicable to claims of unlawful business practices under Cal. Bus. & Prof. Code § 17200, *et seq.*

**FORTY-FIRST AFFIRMATIVE DEFENSE**

**(No Private Right of Action)**

41. Defendant alleges that Plaintiff's Complaint is barred, in whole or in part, on the grounds that the grounds upon which Plaintiff seeks relief does not afford a private right of action.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

42. Defendant alleges Plaintiff's Complaint and any purported cause of action alleged therein, is barred by Plaintiff's failure to exhaust administrative and internal remedies available under state laws, including, without limitation, the *California Labor Code*.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Grievance Procedures)**

43. Defendant alleges Plaintiff's Complaint and any purported cause of action alleged therein, is barred by Plaintiff's failure to exhaust grievance and arbitration provisions as required under any applicable collective bargaining agreement.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

**(Pre-emption)**

44. Plaintiff's Complaint and each cause of action therein are barred in whole or in part because they are preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a) *et seq.*, and barred by the applicable statute of limitations as set forth in *Del Costello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 169 (1983).

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

**(Additional Affirmative Defenses)**

45. Defendant alleges that they presently have insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant therefore reserves the right to assert additional affirmative defenses in the event that discovery indicates that they are appropriate, at any time prior to the time of trial.

**PRAYER**

**WHEREFORE**, Defendant Presents Temp Services, LLC prays for judgment as follows:

1. That Plaintiff takes nothing by reason of his Complaint on file herein;
2. That the Complaint be dismissed in its entirety with prejudice;
3. For costs of suit incurred in defense of this action;

4. For recovery of attorneys' fees expended in the defense of this action; and

5. For such other and further relief as this Court deems just and proper.

Dated: February 16, 2023

HOGAN LOVELLS US LLP

By: ______________________________
Tao Y. Leung
Michelle Roberts Gonzales
Ashley L. King

*Attorneys for Defendants*
Presents Temp Services, LLC and Goldenvoice, LLC

**PROOF OF SERVICE**

I, Tiffany de Jonge, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Hogan Lovells US LLP, 1999 Avenue of the Stars, Suite 1400, Los Angeles, California 90067. On February 16, 2023, I served a copy of the within document(s):

**DEFENDANT PRESENTS TEMP SERVICES, LLC'S ANSWER**

☐ BY MAIL by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.

☒ BY EMAIL by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

| | |
|---|---|
| Alan Harris<br>Priya Mohan<br>HARRIS & RUBLE<br>655 North Central Avenue 17thFloor<br>Glendale California 91203<br>Tel: 323.962.3777<br>Fax: 323.962.3004<br>harrisa@harrisandruble.com<br>dgarrett@harrisandruble.com | *Attorneys for Plaintiff*<br>M.C. JOHNSON |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 16, 2023, at Lancaster, California.

Tiffany de Jonge